403 A.2d 120

**Theodore E. WEAVER**

v.

**Janice L. WEAVER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1979.

Decided May 18, 1979.

116

Anthony D. Miele, Williamsport, for appellant.

. John M. Kuchka, Berwick, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order and decree of the Court of Common Pleas of Columbia County, Civil Division, and involves appellant-wife's appeal from the order which granted her husband a divorce on the grounds of indignities.

At the Master's Hearing the parties' adult son testified that during the past six years appellant had accused her husband of infidelity on numerous occasions and that these accusations were unjustified, had called her husband "bastard" and other abusive names several times a week during that period, had told her husband that she hated him on numerous occasions, had refused to cook for her family or to do normal household chores such as cleaning the house or washing their clothes even though appellant was employed

full time during that period and appellee was not steadily employed. He also testified that appellant had purchased a horse and other items which created financial difficulties for the parties and then blamed appellant for the difficulties. Appellant also threatened to kill herself on several occasions by taking an overdose of pills and had struck her husband in the face with a belt buckle drawing blood. Appellee also testified to the above occurrences. He further stated that after he had been in the hospital his wife told him that she'd "wished the hell he'd died" there. He also related to the Master several situations wherein the appellant had damaged household goods and appliances during fits of anger. He stated that his wife's conduct towards him made him extremely nervous and that he had to seek medical attention for the nervous condition which was caused by his wife's conduct. Appellee went on to testify that since the parties' separation his nerves have been much better and that attempts at counseling failed to change his wife's conduct.

Appellant testified that it was her husband who had been abusive towards her, that she was often sick so that she required hospitalization and that she had caught her husband in a sexual act with another woman. (Both the appellee and the woman denied having sex together.) Appellant also denied virtually all of the allegations against her to which her husband had testified.

In his report, the Master stated that: ". . . the testimony made a record which was difficult to analyze and to evaluate as to credibility." However, he went on to conclude that: "5. Plaintiff is entitled to a decree in divorce from the bonds of matrimony on the grounds of indignities to the person." It is apparent that the Master resolved the conflicts in testimony in plaintiff's favor. The court below then granted a decree in divorce to plaintiff.

Great weight must be accorded to the findings of the court below or the Master if the issues of credibility are ones that are necessarily resolved by personal observations. *Hargrove v. Hargrove*, 252 Pa.Super. 120, 381 A.2d 143 (1977). A master in a divorce action is not required to state

specifically why he credited one party's testimony over another's testimony. *Dougherty v. Dougherty*, 235 Pa.Super. 122, 339 A.2d 81 (1975).

In the instant case the Master's findings, clearly indicate that he resolved the conflict in the parties' testimony in favor of the plaintiff. Since the conflict in testimony is of such a nature that it could be resolved by personal observations we are constrained to grant great weight to his findings.

 Indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disclaim, abusive language, or malignant ridicule. *Hargrove v. Hargrove*, supra. The testimony of the plaintiff regarding his spouse's constant verbal abuse of him, constant accusations of infidelity, and constant expressions of contempt and hatred of the plaintiff were sufficient facts to constitute the offense of indignities and although his testimony was contradicted by appellant it was not shaken.

Therefore, we hold that the court below was correct in granting the plaintiff a divorce on the grounds of indignities.

Order and decree affirmed.